UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James Holverson,

        Plaintiff,

  v.

ThyssenKrupp Elevator Corporation f/k/a
Thyssen Elevator Company f/k/a
Thyssen Dover Elevator Company f/k/a
Dover Elevator Company; ThyssenKrupp Elevator
Manufacturing, Inc. f/k/a Thyssen Elevator
Systems, Inc. f/k/a Dover Elevator Systems, Inc.;
Thyssen Krupp Elevator Americas Corporation;
ThyssenKrupp Elevator Capital Corporation;
LQ Bloomington, LLC d/b/a LaQuinta
Inn & Suites, and LQManagement, LLC d/b/a
LaQuinta Inn & Suites,

        Defendants.

**ORDER**
Civil No. 12-2765 ADM/FLN

---

L. Michael Hall, III, Esq., Hall Law, PA, St. Cloud, MN, on behalf of Plaintiff.

Michael W. Haag, Esq., Janet Stellpflug, Esq., and Kyle A. Eidsness, Esq., Foley & Mansfield, Minneapolis, MN, on behalf of Defendants.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on the ThyssenKrupp Elevator companies' ("ThyssenKrupp") Objection [Docket No. 58] ("Objection") to Magistrate Judge Franklin L. Noel's October 31, 2013 Order [Docket No. 55].  In his October 31, 2013 Order, Judge Noel ordered Defendants to comply with his prior August 13, 2013 Amended Order [Docket No. 41].  The August 13, 2013 Order required Defendants to produce information in response to several of Plaintiff James Holverson's discovery requests.  For the reasons set forth below, Defendants' Objection is overruled and Judge Noel's order is affirmed.

## II.  BACKGROUND

On or about November 15, 2008, Plaintiff Holverson was staying at the LaQuinta Inn & Suites in Bloomington, Minnesota.  Compl. [Docket No. 1] ¶ 26.  As he was exiting an elevator on the first floor, the elevator allegedly lurched upwards, causing Holverson to fall and fracture his hip.  Holverson filed suit on October 30, 2012, seeking damages for the injury, which he contends caused several complications and ongoing disability.  Id. ¶¶ 26-28.

On August 5, 2013, Holverson moved to compel the production of various discovery items, including information in response to his Interrogatories Nos. 24 and 25.  These interrogatories ask ThyssenKrupp to identify and describe all "unintended-movement-related" elevator complaints and injuries.  See Defs.' Obj. at Ex. 1.  The requests sought information for the past 20 years.  Id.

In addition to ordering the production of other discovery, Judge Noel ordered ThyssenKrupp to produce information in response to Interrogatories Nos. 24 and 25, but limited the scope of these requests to ten years prior to the accident.  Order, Aug. 13, 2013.  Several weeks later, Holverson returned to court to request an order requiring ThyssenKrupp to comply with Judge Noel's August 13, 2013 Order.  See Order, Oct. 31, 2013.  Judge Noel granted the order, and also allowed Holverson to seek sanctions for ThyssenKrupp's noncompliance.  Id.  ThyssenKrupp now objects to Judge Noel's October 31, 2013 Order, arguing Interrogatories Nos. 24 and 25 should be limited in geographic scope to only "Minnesota occurrences."  Defs.' Obj. at 1.

## III.  DISCUSSION

### A.  Standard of Review

A district court judge will not modify or set aside a magistrate judge's ruling on a nondispositive matter unless the ruling is clearly erroneous or contrary to law.  D. Minn. LR 72.2(a); see also 28 U.S.C. § 636(b)(1)(A).  A decision is "clearly erroneous" when, although some evidence supports it, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir.1996) (citation omitted).  "A decision is 'contrary to law' when it misapplies or does not apply the relevant statutes, case law or rules of procedure."  Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (citation omitted).  Courts in this district have characterized this standard of review as "extremely deferential."  Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).

### B.  ThyssenKrupp's Objection

ThyssenKrupp's Objection is untimely.  Rule 72 of the Federal Rules of Civil Procedure establishes at 14-day deadline for any party who wishes to object to a magistrate judge's ruling on a nondispositive matter.  In this case, ThyssenKrupp is purportedly objecting to Judge Noel's October 31, 2013 Order, but is actually objecting to the underlying August 13, 2013 Order, which the October 31, 2013 Order was only enforcing.  ThyssenKrupp will not be allowed to refuse compliance with a discovery order, wait until the court issues an enforcement order, and then object to the enforcement order on the merits of the underlying discovery issue.  In other words, ThyssenKrupp will not be allowed to bootstrap its way into making a timely objection by not directly challenging the order it seeks to alter.  Given the posture of this Objection, the Court

sees no merit in conducting a sua sponte review of the August 13, 2013 Order under Local Rule 72.2(a)(3), as ThyssenKrupp urges.  Thus, ThyssenKrupp's Objection is overruled as untimely.

Even if the Objection was timely, ThyssenKrupp has failed to demonstrate how either of Judge Noel's orders are clearly erroneous.  Holverson argues that he has limited the interrogatories at issue to information about similar accidents, and further argues that ThyssenKrupp appears to have centrally-collected such information.  In addition, ThyssenKrupp argues that its own document retention policies have limited its record-keeping in this area to the past seven years.  As a result, the possible burden placed on ThyssenKrupp is less than it might have otherwise been.  Also, ThyssenKrupp does not persuade when it argues that evidence of national or worldwide "unintended movement" incidents is irrelevant.  As Holverson argues, such incidents pertain to ThyssenKrupp's knowledge, and thus its duty of care.

## IV.  CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Objection [Docket No. 58] is **OVERRULED**; and
2. Judge Noel's October 31, 2013 Order [Docket No. 55] is **AFFIRMED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  December 18, 2013.